FIRST NATIONAL BANK OF BROOKINGS et al, Appellants, v. CITY NATIONAL BANK OF HURON et al, Respondents.

(211 N. W. 454.)

(File No. 5905.    Opinion filed December 31, 1926.)

1. Set-off and Counterclaim—In Suit on Contract, Counterclaim to Recover Amount of Certificate of Deposit, Issued by Plaintiff and Purchased by Defendant, Was Proper (Rev. Code 1919, § 2354, subds. 1, 2).

Where complaint alleged that defendant bank collected money on notes indorsed to plaintiff bank and retained proceeds, counterclaim to recover amount of certificate of deposit, issued by plaintiff and purchased by defendant, held proper, since both complaint and counterclaim stated causes of action in contract, in view of Rev. Code 1919, § 2354, subds. 1, 2, even though there were allegations of fraud in counterclaim.

2. Banks and Banking—Pleading—Counterclaim by Bank Held to State Cause of Action Against Plaintiff Bank for Money Deposited and Not Paid by Plaintiff When Due.

In suit by plaintiff bank for proceeds of notes collected by defendant bank, counterclaim to recover amount of certificate of deposit issued by plaintiff held to state cause of action for money deposited, evidenced by certificate of deposit issued by plaintiff and not paid when due.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Set-off and counterclaim, Key-No. 29(1), 34 Cyc. 689; (2) Banks and banking, Key-No. 226, 7 C. J. Sec. 564.

Appeal from Circuit 'Court, Beadle County; Hon. Alva E. Taylor, Judge.

Action by the First National Bank of Brookings and another against the City National Bank of Huron and another, in which defendant filed a counterclaim. From an order overruling plaintiff's demurrer to defendant's counterclaim, plaintiffs appeal. Order sustained.

*Hall & Purdy,* of Brookings, for Appellants.
*Gardner & Churchill,* of Huron, for Respondents.

MISER, C. This appeal is taken from the order overruling plaintiff's demurrer to the counterclaim contained in defendant's answer. Appellant contends, in its first assignment of error, that this counterclaim sets forth an independent cause of action sounding in tort, not arising out of the contract or transaction set forth in the complaint nor connected with the subject of the action; and, in its second assignment of error, that said counterclaim does not set forth facts sufficient to constitute a cause of action, and therefore is not a proper or sufficient counterclaim under subdivision 1 of section 2354, Revised Code 1919.

This requires an examination of the complaint as well as the counterclaim. For the sake of brevity, appellants will be referred to as the Brookings bank and the respondents as the Huron bank. The complaint alleges generally that one Spratt was the president of the Huron bank at and prior to January, 1920, and, as such, under a custom then prevailing between the two banks, frequently borrowed money for the Huron bank from the Brookings bank, such loans usually being made where the Huron bank was already carrying customers for such large amounts as would make a further loan excessive; that, in such cases, promissory notes running to the Huron bank and given by its customers whom it was seeking to accommodate were indorsed without recourse by the Huron bank and indorsed by said Spratt, generally, and delivered to the Brookings bank; that, on or about January 20, 1920, one Skinner, a customer of the Huron bank, executed two notes aggregating $12,000 and chattel mortgages to secure the same; that said notes were indorsed by the Huron bank without recourse and indorsed generally by Spratt and delivered to the Brookings bank; that the amount thereof was paid by the Brookings bank to the Huron

bank; that thereafter the Huron bank collected from Skinner approximately $6,000, being the proceeds of the sale of the cattle contained in the chattel mortgage, which amounts it retained and did not pay to the Brookings bank; that the Brookings bank has demanded of the Huron bank payment of said notes, and offered to transfer them to the Huron bank on such payment, and brings the notes and renewals thereof into court and offers to deliver them to the Huron bank, and asks judgment for the sums so claimed to be due and for an accounting.

This complaint states a cause of action arising on contract. This being true, the defendant may, under subdivision 2, § 2354, Revised Code 1919, plead as a counterclaim any other cause of action arising also on contract, and existing at the commencement of the action; and the cause of action need not arise out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, nor be connected with the subject of plaintiff's action, as is required by subdivision 1, § 2354. Does the counterclaim in question plead such a cause?

The counterclaim alleges generally that Spratt, who was president of the Huron bank, was, in May, 1919, also treasurer of the Farmers' Co-operative Packing Company, which packing company had on deposit in the Huron bank a large sum of money; that Spratt, in order to borrow $19,600 from the Brookings bank for his own personal use, sent to it certain notes aggregating that sum, and for the purpose of inducing the Brookings bank to loan this sum to him, he took $19,600 of the packing company's money out of the Huron bank and deposited it in the Brookings bank, taking therefor a certificate of deposit of the Brookings bank payable to the order of H. G. Spratt, treasurer of the Farmers' Co-operative Packing Company; that this certificate of deposit was, on July 1, 1920, indorsed by Spratt and purchased by the Huron bank and by it forwarded to the Brookings bank for payment, which refused to pay it ,although it was then due and payable. Then follows the allegation:

"And the plaintiff bank then and there falsely and fraudulently claimed and represented to the defendant bank that it had a secret agreement with H. G. Spratt to the effect that the said certificate of deposit need not be cashed or paid, but could be offset by the delivery to the defendant bank of certain notes and

bills receivable then held by the plaintiff bank, and the plaintiff bank claimed the right to pay said certificate of deposit with said notes and bills receivable and not otherwise; that the said notes and bills receivable with which the plaintiff bank so claimed the right to pay said certificate of deposit were and are worthless and of no value; that the defendant bank has just learned that the said claimed and pretended secret agreement for the payment of said certificate of deposit with said notes and bills receivable was false and untrue, and that no such agreement for the payment thereof was ever made; that the plaintiff bank kept and retained the said certificate of deposit and has wholly failed and refused to pay the same."

And defendant asks judgment for the sum of $19,600, with interest and costs.

Appellant contends—and we think with reason—that the counterclaim does not state a sufficient cause of action in tort, in that it fails to state facts which must necessarily be alleged in an action either based on a rescission for fraud or for damages for false representation; but appellant assumes that a pretense of paying the certificate of deposit was made by the transfer of worthless notes and bills receivable. This the counterclaim does not allege, but expressly states that the Brookings "bank kept and retained the said certificate of deposit and has wholly failed and refused to pay the same, and there is now due to the defendant bank thereon $19,600," for which it asks judgment.

With the counterclaim stating, as we believe, a sufficient cause of action in contract, we are not called upon to decide whether, if it also sound in tort, the tort may be waived and the defendant have the right of electing between its remedy ex contractu or ex delicto.

[1, 2]    The counterclaim states a cause of action for money deposited, evidenced by a certificate of deposit issued by appellant and not paid by it when due. Other facts which appear to be surplusage are also alleged; but the fundamental allegation in defendant's counterclaim is not that plaintiff's officers may have lied to defendant's officers, but that defendant has coming $19,600 on the certificate of deposit issued by plaintiff which defendant bought and paid for and which it sent to plaintiff to be cashed, and which plaintiff kept without paying for it.

The complaint states a cause of action in contract; the counter claim states a cause of action in contract existing at the commencement of the action. Therefore, under subdivision 2, § 2354, Revised Code 1919, the demurrer was properly overruled, and the order appealed from should be sustained.